**Johnny BELL, Plaintiff,**

**v.**

**The CITY OF MIAMI, and Unknown Members of the City of Miami Police Department, Defendants.**

**No. 88–1692–CIV–WMH.**

United States District Court, S.D. Florida, Miami Division.

Jan. 3, 1990.

Law Offices of E. Dennis Brod, P.A., Miami, Fla., for plaintiff.

Jorge L. Fernandez, City Atty., City of Miami, Fla., for defendants.

ORDER DENYING DEFENDANT CITY OF MIAMI'S MOTION TO DISMISS AMENDED COMPLAINT

HOEVELER, District Judge.

Plaintiff JOHNNY BELL files this civil rights suit under 42 U.S.C. Section 1983 against the City of Miami and unknown members of the Miami Police Department. In his Amended Complaint, Plaintiff alleg-

es that on November 13, 1985, the unknown Defendants burst into his apartment fully armed and pushed him from his second story balcony, causing him severe injuries. Defendant City of Miami now moves this Court to Dismiss the Amended Complaint on the grounds that Plaintiff fails to allege that the incident was the proximate result of a municipal policy or custom, as required for suit under Section 1983.

Analysis of the City's motion must begin with the case of *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), in which the Supreme Court held that a municipality cannot be held liable solely on a theory of *respondeat superior*, but rather that Plaintiff must show proximate cause between his injury and a municipal custom or policy. *See also City of Oklahoma City v. Tuttle*, 471 U.S. 808, 824, 105 S.Ct. 2427, 2436, 85 L.Ed.2d 791 (1985). In this motion to dismiss, the City argues that Plaintiff's Amended Complaint is "silent on the existence of an unconstitutional municipal policy except for the conclusion that Plaintiff's injuries, and his injuries alone, were occasioned by such a 'policy'." [1] The City contends that such "boiler plate pleading" is exactly the type of allegations which are insufficient under *Monell* and its progeny.

In illustration of the high degree of factual specificity required under *Monell*, the City cites the case of *Strauss v. City of Chicago*, 760 F.2d 765 (7th Cir.1985), in which the Seventh Circuit affirmed the District Court's dismissal of an action under Section 1983 where Plaintiff had only alleged facts pertinent to his own unlawful arrest. The Court reasoned that by basing his claim only on his own experience, Plaintiff had failed to "suggest that the incident was other than an isolated one unrelated to municipal policy". *Id.* at 767. Thus, the Court concluded that the allegations of the complaint must go beyond the legal assertion that the incident was caused by City policy, for otherwise

all counsel would need to do would be to concoct some explanation of Plaintiff's

injury that implicated the municipality—for example, a custom and practice of hiring as police officers those with a history of brutality—and the doors of the federal courtroom would swing wide open. Congress did not intend for Section 1983 liability to be so wide; mere employment of a tortfeasor is insufficient to impose liability on a municipality. Instead a cause of action will lie only for those injuries caused by faults "systemic in nature." Because a municipality can be held liable only for its regular procedures, not for the isolated independent tort of an individual employee, some fact indicating such procedures must appear in the complaint.

*Strauss* at 770 (citations omitted). In sum, the issue presented by the Motion at bar is whether Plaintiff's Amended Complaint is, as maintained by the City, "a thinly veiled attempt to predicate municipal liability on a theory of *respondeat superior*," or rather a valid articulation of an injury proximately caused by municipal policy or custom.

In Paragraph 8 of the Amended Complaint, Plaintiff alleges that:

The unnamed Defendants acted at all material times herein pursuant to and carring [sic] out the policies of the Defendant City of Miami, to encourage and conduct such intimidating raids in areas of the City such as that where Plaintiff was situated. The CITY OF MIAMI consciously failed at all material times herein to have or implement a program of psychiatric testing of candidates for police department position for their fitness to exercise the awful powers of and to exercise reasonable discretion in carrying out the duties of armed, aggressive police officers, or the City suspended such testing, all as evidence by (among others) police officers involved in (i) The "Miami River Cops" case (ii) the "Mac Duffie Murder" case and others. The City also encourages the conduct of such raids through its long standing custom of abusing the internal review system. The internal review system is supposed to be used as a self-policing disciplinary system for errant members of the police

---

1. Defendant City of Miami's Memorandum in Support of the Motion to Dismiss at 4.

force. Instead, in matters involving citizen complaints, the City by its Police Department and City Attorney's Office uses the Internal Review system to white-wash errant officers (vis-a-vis complaining citizens) selectively leaks otherwise supposedly confidential internal review matter (in high-profile cases) for public relations purposes, uses citizens [sic] testimony to defend against citizen complaints rather than vindicate citizens' rights, as was done, among others, in the "Roland Dixon" case and the "Henry Bullom" case; the one involving blinding Roland Dixon's eye, the other involving the brutalizing of a citizen who sought police help against trespassers. The result of these long-standing [sic] policies and customs is that the City wrongfully ratifies the misconduct of its police officers, thereby encouraging this and other vicious incidents. The longstanding custom of ratification plus the policy of no psychiatric testing is the formula which caused Plaintiff's injuries.

Plaintiff's Amended Complaint at 2–3.

It is well settled that a court may not grant a motion to dismiss a complaint unless it appears beyond a doubt that Plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957). Furthermore, in examining the mettle of Plaintiff's case, the material allegations of the complaint are taken as true and are liberally construed in favor of the Plaintiff. *See, e.g., St. Joseph's Hosp. v. Hospital Corp. of America,* 795 F.2d 948, 954 (11th Cir.1986). In the case at bar, Plaintiff levels a heavy charge against the customs and policies of the City of Miami. If true, these allegations could indeed support a finding of liability under Section 1983. It is therefore,

ORDERED AND ADJUDGED that Defendant City of Miami's Motion to Dismiss be DENIED.

DONE AND ORDERED.